UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

NICHOLAS MOTTA,
DOMINIC MOTTA, and
ANTHONY PERSO,
  a/k/a "Tony Slippaz,"

Defendants.

15 Cr. 173 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Defendants Nicholas Motta, Dominic Motta, and Anthony Perso (collectively, "Defendants") are charged in a three-count indictment (the "Indictment") with (1) attempted mail fraud, in violation of 18 U.S.C. § 1341; (2) conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; and (3) the use of fire to commit a felony, in violation of 18 U.S.C. § 844(h). Defendants now move to dismiss Count One of the Indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. For the following reasons, the motion is DENIED.

## DISCUSSION

Defendants contend that Count One lacks sufficient clarity with regards to the charge against them, and fails to specify where and when the alleged crime occurred. (Defs.' Mot. at 1.) Count One states:

> From in or about January 2010 through in or about December 2010, in the Southern District of New York and elsewhere, . . . the defendants, . . . having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, . . . for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be sent and delivered by private and commercial interstate



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/2015

> . to wit, [the defendants] . . . engaged in a scheme to defraud an insurance company by attempting to burn down a bar in Swan Lake, New York owned by Dominic Motta . . . and thereafter collect insurance proceeds, during which scheme representatives of the insurance company communicated with Dominic Motta by, among other means, the United States mails.

(Ind. ¶ 1.) Count One is listed as "Attempted Mail Fraud" and 18 U.S.C. § 1341 is cited as the pertinent statute. (*Id.*)

Defendants assert § 1341 does not proscribe attempted mail fraud, but rather it is 18 U.S.C. § 1349 which governs fraud attempts and conspiracies. (Defs.' Mot. at 2.) Count One, Defendants contend, is therefore defective because it impermissibly charges both fraud and attempted fraud. (Defs.' Mot. at 5.) Section 1341 states, *inter alia*:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, [uses or causes the use of the mails is guilty of a crime].

18 U.S.C. § 1341. Section 1349 criminalizes attempts and conspiracies to commit any offense under Chapter 63, "Mail Fraud and Other Fraud Offenses," of Title 18 of the United States Code. 18 U.S.C. § 1349.

By the plain language of the statute, § 1341 encompasses the use of the mails in *an attempt* to execute a fraudulent scheme. 18 U.S.C. § 1341 (criminalizing use of mails "for the purpose of executing such scheme or artifice *or attempting so to do*" (emphasis added)). It is of no consequence that Defendants' alleged conduct also falls within the scope of § 1349. *See United States v. Batchelder*, 442 U.S. 114, 123–24 (1979) ("[W]hen an act violates more than one criminal statute, the Government may prosecute under either . . . ."). Accordingly, the Government properly charged Defendants with attempted mail fraud under § 1341, and it is not the province of the Court to second-guess the Government's otherwise proper charging decision.

Defendants also challenge Count One's lack of specificity with regards to the allegedly fraudulent mailings (Defs.' Mot. at 1; Defs.' Reply at 4.) An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To satisfy this requirement, an indictment need "do little more than to track the language of the statute charged," *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000) (internal quotation marks omitted), provided the statutory language is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (internal quotation marks omitted).

The Indictment satisfies the requirements of Rule 7(c)(1). Count One tracks the language of 18 U.S.C. § 1341, sets forth the time period during which the scheme is alleged to have occurred (from in or about January 2010 through in or about December 2010), alleges the use of the United States mails, and explains the nature and object of the scheme (attempting to burn down a bar owned by Dominic Motta to collect the insurance proceeds). *See United States v. Zandstra*, No. 00-CR-209 (RWS), 2000 WL 1368050, at *3 (S.D.N.Y. Sept. 20, 2000) (holding that an indictment under § 1341 was sufficient where it tracked the statutory language, identified the approximate time period during which this scheme is alleged to have occurred, alleged the use of a private and commercial interstate carrier, the nature of the fraudulent scheme, and the object of the scheme); *see also United States v. Upton*, 856 F. Supp. 727, 740 (E.D.N.Y. 1994) (finding a wire fraud indictment sufficient where it specified the dates, purpose, nature, and means of the scheme, and the nature of the communications used to further the scheme).

Defendants aver that they are "entitled to know which mailings or attempted mailings to defend against." (Defs.' Mem. at 5.) A mail fraud indictment does not need to contain a detailed

accounting of individual mailings. *See United States v. Reale*, No. S4 96-CR-1069 (DAB), 1997 WL 580778, at *14 (S.D.N.Y. Sept. 17, 1997). To the extent Defendants request a bill of particulars detailing the allegedly fraudulent mailings, such an application must be made in compliance with Federal Rule of Criminal Procedure 7(f) and Local Criminal Rule 16.1.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count One of the Indictment is DENIED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 14.

Dated: August 6, 2015  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge