UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ANTHONY PERSO,

Defendant.

15-cr-173-03 (NSR)
ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Defendant Anthony Perso ("Defendant" or "Perso") moves pursuant to 18 U.S.C. § 3583(e)(1) for early termination of his supervised release. The Government opposes the application on the basis Defendant has failed to meet the requisite standard warranting the relief requested. For the following reasons, the application is DENIED.

On October 23, 2015, Defendant pled guilty to Attempted Mail Fraud, 18 U.S.C. § 1341, in the U.S. District Court for the Southern District of New York. According to the indictment, Perso, along with his two co-defendants, Nicolas and Dominic Motta, engaged in a scheme to burn down a bar located in Swan Lake, N.Y., for the purpose of collecting insurance proceeds. At the time of the incident, the bar was owned by co-defendant Dominic Motta. Following his guilty plea, Perso was sentence to a ten month term of incarceration to be followed by three years of supervised release.

By letter dated received July 17, 2018, following the completion of his term of incarceration and during the pendency of his term of supervised release, Defendant petitions the court for early termination of his supervised release. (ECF No. 52.) Defendant asserts that his good behavior during his two year period of supervised release warrants strong consideration.



Page 1 of 4

Copies mailed/faxed 7/27/2018
Chambers of Nelson S. Román, U.S.D.J.

While in custody, Defendant participated in and completed various programs and received multiple certificates. Since being placed on supervised release, Perso has remained active in his community volunteering his musical talents at multiple fundraisers and has been a law abiding citizen.

The Government opposes the application. (ECF No. 53.) While acknowledging that Defendant has been compliant with conditions of his supervised release, they assert mere good behavior does not merit the granting of such an extreme relief. They further assert that the Defendant has not demonstrated that his behavior is "exceptionally good...such that the imposed conditions of supervision are too harsh or inappropriately tailored to serve the general punishment goals" of sentencing.

## LEGAL STANDARD

Supervised release involves a term of community supervision, following a period of incarceration, with a set of conditions tailored to serve the general goals of sentencing including punishment and rehabilitation. See 18 U.S.C. § 3624(e). Supervised release serves to ease the defendant's transition into the community after the service of a term of incarceration, and is "rehabilitative," such that it attempts to provide services when appropriate. See *United States v. Johnson*, 529 U.S. 53, 59 (2000). Non-compliance with the terms of supervised release may lead to re-incarceration. See 18 U.S.C. § 3583(e)(3).

Modifications or revocation of a term of supervised release is governed by 18 U.S.C. § 3583(e). The granting of such a request is an extraordinary remedy. See *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). When reviewing a defendant's petition for early termination of supervised release, the court is required to first consider "the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)( C ), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. §

3583(e). Such factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *Lussier*, 104 F.3d at 35. After due consideration of all relevant statutory factors, whether to grant early termination of supervise release falls within the sound discretion of the court. *United States v. Bastien*, 111 F. Supp. 3d 315, 323 (E.D.N.Y. 2015).

A court may terminate a term of supervised release if satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010). Early termination of supervised release has been deemed appropriate to "account for new or unforeseen circumstances" not contemplated at time of sentencing. See *Lussier*, 104 F.3d at 36; *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 18, 2000); *United States v. Monteperto*, No. 01 Cr. 56, 2007 WL 914545, at *1 (E.D.N.Y. Mar. 22, 2007) (internal citation omitted). The mere inconvenience of being placed on supervised release does not rise to the level of new or unforeseen circumstances that would warrant early termination. See *United States v. Black*, No. 10 Cr. 303–A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013). Moreover, utter compliance with the terms of supervised release does not constitute "extraordinary circumstance" but what is expected of a formerly incarcerated individual who required carefully tailed conditions and services to reduce the risk of and recurrence of future crime. See, *Bastien*, 111 F. Supp. 3d at 321; *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005).

## DISCUSSION

Here, Defendant's petition fails. While the Court applauds Defendant's efforts, the facts and circumstances do not warrant the granting of such exceptional relief. Full compliance with

the terms of supervise release is what is expected of the Defendant. Defendant's basis for seeking a shortened term of supervision suggest that remaining on supervised release poses an inconvenience. Since no showing has been made that the relief requested should be granted in the interest of justice, nor has there been a showing of "new or unforeseen circumstances" not contemplated at time of sentencing, the application must be denied.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to terminate supervised release is DENIED. This constitutes the Court's Opinion and Order.

Dated: July 27, 2018
White Plains, New York

SO ORDERED:

_____
JUDGE NELSON S. ROMÁN
U.S. DISTRICT COURT, S.D.N.Y.